United States District Court
Southern District of Texas
ENTERED
July 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LIN ZHIQUAN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01049** |
| | § | |
| **WARDEN OF WEBB COUNTY DETENTION CENTER, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Lin Zhiquan ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner entered the United States without inspection in December of 2024. (Dkt. 9 at 2.) Petitioner was initially processed for expedited removal, but an immigration official found that he demonstrated a credible fear of persecution or torture and Petitioner was issued a Notice to Appear, placing him in 8 U.S.C. § 1229a immigration proceedings. (*Id.*) In August of 2025 Petitioner was ordered removed by an Immigration Judge, and he filed an appeal with the Board of Immigration Appeals. (*Id.*) Petitioner's appeal was dismissed on May 29, 2026, and his order of removal became final. (*Id.*); *See* 8 C.F.R. § 1241.1.

Petitioner filed his petition for Writ of Habeas Corpus on June 8, 2026. (Dkt. 1.) Petitioner alleges that his ongoing detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 2.) Upon receipt of the Petition, the Court ordered the Respondent to file a response on or before June 15, 2026. (Dkt. 5.) Respondents filed a timely

Response and Motion to Dismiss, and, Alternatively, Motion for Summary Judgment, (Dkt. 9), arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(1)(A). (Dkt. 9 at 4–6.)

Respondents correctly assert that Petitioner's detention is now governed by 8 U.S.C. § 1231(a) because he has an administratively final order of removal. Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has ninety days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 689 (2001); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385 (2005); 8 U.S.C § 1231(a)(3). In *Zadvydas,* the Supreme Court emphasized that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas,* 533 U.S. at 699 (citations omitted). Regarding the reasonableness of continued post-removal-order detention, the Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.

As of the date of his order, Petitioner has been detained for less than 90 days since his order of removal became final, and thus, any claim for release under *Zadvydas* is premature. (*See* Dkt. 9 at 5.) 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Motion for Summary Judgment, (Dkt. 9), is **GRANTED** in part. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention is unlawful under *Zadvydas*. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Lin Zhiquan**<br>
**A# 221389396**<br>
**Webb County Detention Center**<br>
**9998 S. Highway 83**<br>
**Laredo, Texas 78041**

IT IS SO ORDERED.

SIGNED this July 15, 2026.

Diana Saldaña<br>
United States District Judge